35 F.3d 556
 1994 O.S.H.D. (CCH) P 30,532
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
MECHANICSVILLE CONCRETE, INCORPORATED, t/a Materials
Delivery, Petitioner,
v.
FEDERAL MINE SAFETY & HEALTH REVIEW COMMISSION; Robert B.
REICH, Secretary of Labor, United States
Department of Labor, Respondents.
 No. 94-1222.
 United States Court of Appeals, Fourth Circuit.
 Argued: July 19, 1994.
Decided: September 16, 1994.
As Amended Oct. 13, 1994.
 
 On Petition for Review of an Order of the Federal Mine Safety and Health Review Commission. (VA-93-69-M)
 Arthur Anthony Lovisi, Office of General Counsel, Mechanicsville Concrete, Inc., Franklin, Virginia, for Petitioner.
 Susan Elizabeth Long, Office of the Solicitor, United States Department of Labor, Arlington, Virginia, for Respondents.
 Thomas S. Williamson, Jr., Solicitor of Labor, Edward P. Clair, Associate Solicitor, Mine Safety and Health Division, W. Christian Schumann, Counsel, Appellate Litigation, Office of the Solicitor, United States Department of Labor, Arlington, Virginia, for Respondents.
 
 
 1
 F.M.S.H.R.C.
 
 
 2
 PETITION DENIED.
 
 
 3
 Before WILKINSON and WILLIAMS, Circuit Judges, and SHEDD, United States District Judge for the District of South Carolina, sitting by designation.
 
 OPINION
 PER CURIAM:
 
 4
 Mechanicsville Concrete, Inc. ("Mechanicsville") has petitioned for review of an order of the Federal Mine Safety and Health Review Commission ("Commission"), in which the Commission directed it to pay a civil penalty in the amount of $1,044.00 for seven violations of safety and record-keeping standards promulgated under the Federal Mine Safety and Health Act of 1977 ("the Act"), 30 U.S.C. Secs. 801 et seq. We deny the petition for review.
 
 
 5
 Mechanicsville operates several surface sand and gravel mines in Virginia, one of which is known as the "Darden Pit." Following an inspection of the Darden Pit, the Secretary of Labor ("the Secretary"), acting through the Mine Safety and Health Administration, issued the aforementioned citations to Mechanicsville. Mechanicsville contested the citations before an administrative law judge ("ALJ"), arguing inter alia that its operations at the Darden Pit do not affect interstate commerce and, therefore, they are not covered by the Act. Based on this contention, Mechanicsville asserted that the Secretary lacked jurisdiction over the Darden Pit.[1] The ALJ rejected this contention, as well as Mechanicsville's other challenges to the citations. Thereafter, the Commission denied Mechanicsville's petition for discretionary review, thereby making the ALJ's decision the final decision of the Commission. See 30 U.S.C. Sec. 823(d)(1).
 
 
 6
 The only issue which Mechanicsville has properly placed before us is whether the operations at the Darden Pit affect interstate commerce so as to bring it within the coverage of the Act.[2] The Commission specifically found in this regard that:
 
 
 7
 [Mechanicsville] uses vehicles manufactured in interstate commerce and, therefore, its operations affect commerce on this basis alone. Moreover, [the Darden Pit], which is located within 10 miles of the North Carolina/Virginia state line, does compete with out-of-state sources of sand and gravel, which [Mechanicsville] might have to use if it did not operate the Darden Pit. Its activities at the Darden Pit thus "affect commerce" on this basis as well.
 
 
 8
 (J.A. at 95) (citations omitted). In addition, the Secretary also argues in its brief that the Darden Pit affects interstate commerce because it belongs to a class of entities (i.e., mines) which Congress has specifically found affect interstate commerce. See, e.g., 30 U.S.C. Sec. 801(f) ("the disruption of production and the loss of income to operators and miners as a result of coal or other mine accidents or occupationally caused disease unduly impedes and burdens commerce").
 
 
 9
 We have carefully reviewed Mechanicsville's contentions to the contrary and are not persuaded. As this Court has noted, Supreme Court precedent clearly establishes that the power of Congress to regulate pursuant to the Commerce Clause is "exceptionally broad." United States v. Parsons, 993 F.2d 38, 40 n. 2 (4th Cir.), cert. denied, 114 S.Ct. 266 (1993). In light of the breadth of the Commerce Clause as interpreted by the Supreme Court, we have no hesitation in concluding that the operations at the Darden Pit affect interstate commerce for all of the reasons cited by the Commission and, therefore, the Secretary properly exercised jurisdiction in this matter. Accordingly, we deny the petition for review.
 
 PETITION FOR REVIEW DENIED
 
 
 [1]
 Section 4 of the Act, 30 U.S.C.Sec. 803, provides that "[e]ach coal or other mine, the products of which enter commerce, or the operations or products of which affect commerce, and each operator of such mine, and every miner in such mine shall be subject to the provisions of this Act." The language of the Act, its broad remedial purpose, and its legislative history indicate that in enacting the Act, Congress intended to exercise its full power under the Commerce Clause. See United States v. Lake, 985 F.2d 265, 268 (6th Cir.1993)
 
 
 [2]
 Mechanicsville does not challenge the Commission's determination with respect to the validity of the citations. However, apart from its Commerce Clause argument, Mechanicsville also argues that regulation of the Darden Pit is reserved to the Commonwealth of Virginia under the Tenth Amendment. Because Mechanicsville raises this latter argument for the first time on appeal, we do not consider it. See 30 U.S.C. Secs. 816(a)(1)